Rosen, Kantrow & Dillon, PLLC
Attorneys for Allan B. Mendelsohn, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re:

       WONDER INTERNATIONAL
       TRADING, INC.

                        Debtor.

Case No.: 17-77378-las
Chapter 7

----------------------------------------------------------x
ALLAN B. MENDELSOHN as TRUSTEE OF
THE ESTATE OF WONDER INTERNATIONAL
TRADING, INC.,

                Plaintiff,

  -against-

BIL-MAN ASSET MANAGEMENT, LLC,

                Defendant.

Adv. Pro. No.:

----------------------------------------------------------------x

## COMPLAINT

ALLAN B. MENDELSOHN, the Trustee and the plaintiff (the "Plaintiff" and/or "Trustee") in the above captioned adversary proceeding, by and through his counsel, Rosen, Kantrow & Dillon, PLLC, respectfully submits this, as and for his complaint (the "Complaint") against BIL-MAN ASSET MANAGEMENT, LLC, the defendant (the "Defendant" and/or "Bil-Man") and states as follows:

## PRELIMINARY STATEMENT

This is an action by the Trustee to avoid and recover certain payments made to Bil-Man by the Debtor within the six year period prior to the filing of the bankruptcy petition as fraudulent conveyances.

1

## THE PARTIES

1. The Plaintiff is the Chapter 7 Trustee herein ("Plaintiff" or "Trustee").

2. Upon information and belief, the Defendant, Bil-Man is a business with an address for the conduct of business at 1916 Ocean Parkway, Brooklyn, New York 11223. It may also maintain offices at 35 Berkshire Road, Great Neck, New York 11023.

## JURISDICTIONAL PREDICATE

3. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157(b)(2)(F), (H), and (O).

4. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 544, and 550 (the "Bankruptcy Code") and Bankruptcy Rules 7001 et. Seq. and section 273 et. Seq. of New York's Debtor and Creditor Law ("Debtor and Creditor Law").

5. Venue of the subject chapter 7 case and of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. In the event that this Court determines that this cause of action, as alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

## BACKGROUND FACTS

7. Wonder International Trading Inc., the debtor herein (the "Debtor") filed a voluntary petition for relief from its creditors pursuant to chapter 7 of the Bankruptcy Code on November 11, 2017 (the "Petition Date").

8. Allan B. Mendelsohn was appointed the interim trustee (the "Trustee"), and thereafter did duly qualify as the permanent case Trustee.

9. Upon information and belief, and based upon a review of certain documents provided to the Trustee pursuant to a Bankruptcy Rule 2004 examination, the Debtor's principal, Tarun Shah ("Shah"), caused the Debtor to make payments to Bil-Man that Debtor was not obligated to pay.

10. Upon information and belief, Bill Man is not a creditor of the Debtor, nor did Debtor benefit from Bil-Man's product or services. On two separate dates, the Debtor remitted payments to Bil-Man for the personal use of Shah or for the benefit of a person or entity other than the Debtor.

11. Based on the Citibank statements obtained by the Plaintiff, and the Debtor's bank account statements, Shah caused the Debtor to pay for obligations due to Bil-Man by using money from the Debtor's bank account at Citibank for amounts due and owing from entities and or persons other than the Debtor.

12. Upon information and belief, the Debtor received no consideration for paying for the personal charges and obligations associated with Bil-Man.

13. Within the six-year period prior to the filing, during the period in which the Debtor was insolvent, Shah caused the Debtor to make the following two payments to the Defendant:

| Date of Payment | Amount |
| --- | --- |
| 4/20/2015 | $16,000.00 |
| 9/27/2015 | $4,000.00 |

14. The above-referenced payments made to the Defendant by the Debtor total $20,000.00.

15. In total, the Debtor fraudulently conveyed the sum of $20,000.00 which the Trustee seeks to recover from Bil-Man.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 273

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "15."

17. To the extent that the claims herein arise under Bankruptcy Code §544(b), the Plaintiff is asserting the rights of a creditor with an unsecured claim allowable in the bankruptcy case.

18. Upon information and belief, the transfer of the Payments by the Debtor to the Defendant were made at a time when the Debtor was insolvent or it rendered the Debtor insolvent.

19. Upon information and belief, the Debtor did not receive any consideration and/or fair consideration for the transfer of the Payments made to the Defendant.

20. The Defendant benefitted from the transfer made by the Debtor.

21. The transfer of the Payments is voidable under Debtor and Creditor Law § 273 as a fraudulent conveyance.

22. By reason of the foregoing, the Plaintiff is entitled a declaratory judgment setting aside the transfer of the Payments made by the Debtor and determining that the transfer is a fraudulent conveyance under Debtor and Creditor Law §273.

## AS AND FOR A SECOND CAUSE OF ACTION UNDER SECTION 278 OF DEBTOR AND CREDITOR LAW AND SECTION 550 OF BANKRUPTCY CODE

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22."

24. Pursuant to Debtor and Creditor Law § 278 and Bankruptcy Code §550 (a), the Plaintiff may recover the transfer of the Payments that were made and/or the value thereof.

25. The Defendant benefitted from the Debtor's transfer of the Payments to it in the amount of $20,000.00.

26. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in the amount not less than $20,000.00 pursuant to Sections 273 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

### AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW SECTION 275

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26."

28. The transfer of the Payments were made without fair consideration when the Debtor intended and believed that it would incur debts beyond its ability to pay them as they became due.

29. The transfer is voidable under Debtor and Creditor Law § 275 and Bankruptcy Code § 544(b).

30. By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the transfer of the Payments as a fraudulent conveyance under Debtor and Creditor Law § 275 and Bankruptcy Code §544(b).

### AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30."

32. Pursuant to Debtor and Creditor Law § 278 and Bankruptcy Code § 550 (a), the Plaintiff may recover the transfer of the Payments that was made and/or the value thereof.

33. The Defendant benefitted from the Debtor's transfer of the Payments to it in an amount not less than $20,000.00.

34. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in an amount not less than $20,000.00 pursuant to Sections 275 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

## AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW SECTION 276

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34."

36. Upon information and belief, the transfer was made with actual intent to hinder, delay, or defraud either present or future creditors of the Debtor.

37. The transfer is voidable under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b).

38. By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the transfer as a fraudulent conveyance under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b).

## AS AND FOR A SIXTH CAUSE OF ACTION PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "40."

40. Pursuant to Debtor and Creditor Law § 278 and Bankruptcy Code § 550 (a), the Plaintiff may recover the transfer of the Payments that was made and/or the value thereof.

41. The Defendant benefitted from the Debtor's transfer of the Payments to it in the amount of $20,000.00.

42. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in the amount not less than $20,000.00 pursuant to Sections 276 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

## AS AND FOR A SEVENTH CAUSE OF ACTION UNDER SECTION 276-a OF DEBTOR AND CREDITOR LAW

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "42."

44. The Plaintiff is also entitled to recover attorney's fees under Debtor and Creditor Law § 276-a.

45. By virtue of the foregoing, Plaintiff is entitled to judgment equal to attorneys' fees incurred in connection with this action pursuant to Section 276-a of Debtor and Creditor Law.

## AS AND FOR AN EIGHTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "45."

47. The Payments to the Defendant by the Debtor have caused it to be unjustly enriched.

48. By virtue of the foregoing, Plaintiff is entitled to judgment against the Defendant in an amount not less than $20,000.00.

**WHEREFORE**, the Plaintiff respectfully demands judgment as follows:

(a) On the First Cause of Action, against the Defendant a judgment setting aside the transfer of the Payments made by the Debtor and determining that the transfer is a fraudulent conveyance under Debtor and Creditor Law § 273;

(b) On the Second Cause of Action, against the Defendant a judgment against the Defendant in the amount not less than $20,000.00 pursuant to Sections 273 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code;

(c) On the Third Cause of Action, against the Defendant a judgment against the Defendant setting aside the transfer of the Payments as fraudulent conveyance under Debtor and Creditor Law § 275 and Bankruptcy Code § 544(b);

(d) On the Fourth Cause of Action, a judgment against the Defendant in an amount not less than $20,000.00;

(e) On the Fifth Cause of Action, judgment setting aside the transfer as a fraudulent conveyance under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b);

(f) On the Sixth Cause of Action, judgment against the Defendant in the amount not less than $20,000.00 pursuant to Sections 276 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code;

(g) On the Seventh Cause of Action, judgment equal to attorneys' fees incurred in connection with this action pursuant to Section 276-a of Debtor and Creditor Law;

(h) On the Eighth Cause of Action, judgment against the Defendant in an amount not less than $20,000.00;

(i) for such other, further and different relief as this Court deems just, proper, and equitable.

Dated: Huntington, New York
       September 20, 2018

                                Rosen, Kantrow & Dillon, PLLC
                                Attorneys for the Trustee/Plaintiff

                  BY:    <u>S/Fred S. Kantrow</u>
                           Fred S. Kantrow

38 New Street
Huntington, New York 11743
631 423 8527
fkantrow@rkdlawfirm.com